[1] Reported in 230 N.W. 273.
The claim of Eileen Anderson against the estate of her father, Herman F. Skarp, was disallowed by the probate court of Carlton county. She appealed to the district court, issues were framed, and upon a trial de novo she had a finding against the estate for $1,102.12 with interest from November 1, 1924, at six per cent, upon which judgment was entered. John A. Mattinen, the executor, appeals from the judgment.
Under date of September 1, 1923, acknowledged April 19, 1924, Skarp and his daughter, the plaintiff, Mrs. Eileen Anderson, made a written contract for the purchase by the latter from the former of a small country store, including the land and the merchandise, fixtures and appurtenances, for $5,700, of which $895.12 was to be paid in cash and $50 on the first of each month commencing April 25, 1924. Mrs. Anderson continued the business until in October, 1924. She paid the sum of $895.12 in cash and seven payments of *Page 123 
$50 each. In October, 1924, her father took possession of the property. The plaintiff claims there was a sale. The executor claims there was a cancelation and that the plaintiff was to get nothing. Whatever it was in its details, it is certain that the father got back the property and the additions put upon it by his daughter and that the daughter did not get back the money which she had paid nor payments for additions put upon the property.
The rule excluding the conversation of an interested party with a party since deceased keeps from us oral testimony which might be helpful and aid or harm one party or the other. Such testimony as there is, in connection with exhibits B and C, memoranda made by the parties in October, 1924, and reframed with resultant clearness by the parties in their briefs, indicate that the plaintiff paid $895.12 in cash and $50 in cash for seven months, and improved the buildings and grounds and annexed fixtures, so that the plaintiff then had a claimed investment of $1,278. There was an item of bills receivable of $171 credited to the daughter which it seems to be admitted the father did not get; and she was credited with a cash payment of $900, a difference of $4.88 in her favor. Deducting these two items of $171 and $4.88 from the $1,278 there is left $1,102.12, the amount awarded the plaintiff. In exhibit C there were classed items as bills payable amounting to $1,405.17. If the father took everything that he transferred to his daughter, and the additions to the store and other property bought, and retained the money which his daughter paid him on the purchase price, she lost a considerable sum; and he gained though he paid the bills payable — a matter which need not trouble us further.
It is not unreasonable to hold that the transaction of October, 1924, was a sale. The books and accounts of the parties are crude. The two exhibits furnish the best available evidence of the arrangement of the parties. It is not for us to demonstrate that the amount awarded is correct. The result may not be entirely accurate. It may be right to a penny. It is quite certainly nearer right than one we could make.
Judgment affirmed. *Page 124